**Arthur. H Piervincenti, P.A.**
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
*Attorneys for Plaintiff*
Our File No.: 116175

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Bernard L. George, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Northland Group, Inc. and Radius Global Solutions, LLC, <br><br> Defendants. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Bernard L. George, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Northland Group, Inc. and Radius Global Solutions, LLC (hereinafter referred to as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of North Carolina.

## PARTIES

5. Plaintiff Bernard L. George is an individual who is a citizen of the State of North Carolina residing in Mecklenburg County, North Carolina.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Northland Group, Inc., was a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

9. On information and belief, Defendant Radius Global Solutions, LLC, is a Minnesota Limited Liability Company with a principal place of business in Hennepin County, Minnesota.

10. Defendants regularly collect or attempt to collect debts asserted to be owed to others.

11. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendants' business is the collection of such debts.

13. Defendants use the mails in their debt collection business.

14. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

15. Defendants allege Plaintiff owes a debt ("the alleged Debt").

16. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. The alleged Debt does not arise from any business enterprise of Plaintiff.

18. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

20. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

21. In its efforts to collect the alleged Debt, Defendants contacted Plaintiff by letter ("the Letter") dated May 1, 2018. (A true and accurate copy is annexed hereto as **<u>Exhibit 1.</u>**)

22. The Letter conveyed information regarding the alleged Debt.

23. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

25. The Letter is on letterhead indicating the debt collector is "Northland Group."

26. The Letter states, "On 4/30/18, Capital Auto Finance, a division of Capita; One, N.A., authorized Northland Group to collect this debt on their behalf."

27. Upon information and belief, Northland Group was a Minnesota limited liability company formed on April 28, 2017.

28. Upon information and belief, Northland Group ceased to exist on April 20, 2018, when it changed its name to "Radius Global Solutions, LLC."

29. Despite the above, Defendants sent the Letters using the name "Northland Group."

30. 15 U.S.C. § 1692e(14) prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

31. Northland Group is not the true name of Defendant.

32. On April 30, 2018, Defendant's true name was Radius Global Solutions, LLC.

33. Defendants failed to use their "true name" as required by 1692e(14).

34. Defendants used a false name.

35. Defendants used a name other than the true name of Defendants.

36. Defendants violated 1692e(14).

## CLASS ALLEGATIONS

37. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of North Carolina.

38. Plaintiff seeks to certify a class of:

i. All consumers to whom Defendants sent a collection letter using the letterhead of Northland Group after April 20, 2018 to the present.

39. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

40. The Class consists of more than thirty-five persons.

41. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

42. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

43. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.  Finding Defendants' actions violate the FDCPA; and

d.  Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.  Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.  Granting Plaintiff's costs; all together with

g.  Such other relief that the Court determines is just and proper.

DATED: April 28, 2019

**Arthur. H Piervincenti, P.A.**

s/ *Arthur H. Piervincenti*
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
*Attorneys for Plaintiff*
Our File No.: 116175


**BARSHAY SANDERS, PLLC**
David M. Barshay, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116175

5